JAMES WOOLWORTH, APPELLEE, V. EDWIN PARKER ET
AL., APPELLANTS, AND MILTON L. TRESTER, APPELLEE.

FILED APRIL 4, 1900. No. 11,185.

Foreclosure: APPRAISEMENT: OBJECTIONS. Objections were entered
and motion made to vacate and set aside an appraisement of real
property in foreclosure proceedings of a real estate mortgage
for the reason that the appraisement was obviously below the
actual value of the property; that the appraisement was fraudu-
lent in itself; and that to permit the appraisement to stand
would work an actual fraud on the defendants. Similar objec-
tions were made to confirmation of sale. Evidence ex-
amined, and *held* that the appraisement was not so low as to
be presumptively fraudulent. *Held*, further, that the appraise-
ment made is not materially disproportionate to the actual
market value of the property, and no sufficient cause exists to
justify its vacation or being set aside.

APPEAL from the district court of Lancaster county.
Heard below before FROST, J. *Affirmed.*

*George A. Adams*, for appellant.

*Abbott, Selleck & Lane* and *Mockett & Polk, contra.*

HOLCOMB, J.

After decree in foreclosure proceedings of a real estate
mortgage, an order of sale was issued to the sheriff to
sell the land as upon execution to satisfy such decree.
Appraisers were called as by law provided, who, with
the sheriff, appraised the gross value of the property in
question at the sum of $3,000. The defendants, after ap-
praisement as aforesaid, filed objections to the same, and
moved to set the appraisement aside, assigning substan-
tially, as reasons therefor, that the appraisement was so
obviously below the actual value of the property that the
appraisement was fraudulent within itself, and that to
permit the appraisement to stand would work an actual
fraud on the defendants, by permitting the property to
sell for $2,000, when it is actually worth $4,000 more.

The property passed to sale, notwithstanding the aforesaid objections, and upon motion for confirmation of sale the same objections were interposed. The motion to set aside the appraisement and objections to the confirmation of sale were overruled, and the sale confirmed. From this ruling the case is brought here for review. In support of the defendants' objections to the appraisement, several affidavits as to the value of the property were filed, as well as counter-affidavits on the part of the plaintiffs, all of which are preserved by bill of exceptions. From this evidence, it appears that six witnesses testified that the property was worth $3,500; six, that it was worth $3,000; and two, that it was worth $2,500.

The gross appraisement being for the sum of $3,000, it can hardly be said that the appraisement was so low as to be presumptively fraudulent. From an examination of the evidence, it appears that the appraisement made is not materially disproportionate to the actual market value of the property, and no sufficient cause exists to justify its being vacated or set aside.

The ruling complained of is supported by the evidence, is right and is therefore

AFFIRMED.